# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| THE BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA ON BEHALF OF ONE OF ITS DIVISIONS, THE UNIVERSITY OF ALABAMA AT BIRMINGHAM, and THE UAB RESEARCH FOUNDATION, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:14-cv-01800 |
| v. | ) ) ) | |
| BOSTON SCIENTIFIC CORPORATION, and CARDIAC PACEMAKERS, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## AMENDED OPPOSITION TO DEFENDANTS' SECOND MOTION TO STAY

Defendants initially sought a "short stay" in this case pending the Patent Trial and Appeal Board's ("PTAB" or "Board") decisions on their petitions for *inter partes* review ("IPR"). In fact, Defendants represented to this Court: "**If PTAB Declines to Institute an *Inter Partes* Review, the Stay will be Six Months or Less**." (Doc. 26 at 17) (emphasis in original). Now that PTAB has summarily denied both of Defendants' Petitions, thus lifting the original stay, Defendants backtrack and seek to delay this case again through yet another stay pending a last-ditch rehearing request. As demonstrated below, the time has come for this case to

move forward; Defendant's latest attempt to delay this case should be denied for the following reasons:

*First,* the request for another stay is contrary to the very arguments Defendants made when they sought the original stay. When Defendants sought the original stay, they pointed out the high percentage of petitions that were instituted and claims that were cancelled by PTAB and argued that a stay was warranted because there was a "high likelihood that one or more of the claims of the '563 Patent will be cancelled during the *inter partes* reviews." (Doc. 26 at 12). Yet now, Defendants wholly ignore the procedural posture of this case and fail to mention the highly unfavorable grant-rate statistics of requests for rehearing. As of December 2014, only 3.5 percent (six of 169) of the requests related to the initial institution decision were successful.[1] This trend appears to have continued throughout 2015.[2] Thus, Defendants' own rationale for the original stay—the likelihood of their success—undercuts their argument for a second stay.

*Second,* the weakness of Defendants' argument for a second stay is demonstrated by the fact that they do not cite a single case supporting the grant of

---

[1] David B. Cochran, Geoffrey K. Galvin, Matthew W. Johnson & J. Jason Williams, *Requesting a Motion for Reconsideration/Rehearing at the PTAB? What You Need to Know*, Martinale.com Legal Library (Dec. 22, 2014), http://www.martindale.com/intellectual-property-law/article_JonesDay_2185570.htm.

[2] Natalie Alfaro Gonzales, *Requests for Rehearing After IPR Non-Institution*, BakerBotts.com, (Oct. 2015), http://files.bakerbotts.com/file_upload/PTABTrialsReport201510-RequestsforRehearingAfterIPRNon-InstitutionDecisions.htm#footnote13r *Decisions.*

a stay based on the filing of a request for rehearing after the denial of a petition. Defendants compound this omission by relying solely on cases granting stays before the denial of a Petition and citing only the favorable characteristics of *initial* IPR petitions, rather than long-shot requests for rehearing.

*Third*, Defendants' argument in support of a second stay rests on the flawed assumption that a non-material mistake by the Board in converting joules to micro joules will result in a rehearing of Defendants' failed petition. Because all mention of the Board's miscalculation could be omitted and the order denying Defendants' petition would still stand, Defendants' expectation that the Board will grant their Request for Review under the deferential "abuse of discretion" standard is unreasonable at best.

*Fourth,* the practical impact of the latest requested stay is more than an additional 90 day delay of discovery. Counsel for Defendants has advised that even if another stay is not entered, they will refuse to produce any documents within 30 days from the lifting of the stay. In fact, Defendants proposed that they would not file their objections to the outstanding document requests until January 15, 2016 and would only begin making a rolling production no later than January 30, 2016. Defendants did not even propose a date by which the document production would be completed. Although UAB certainly did not agree to this schedule, it proposed a compromise in lieu of another stay whereby all other discovery would be stayed

and the parties would commence working to complete the document production so that it could be completed shortly after a decision on the Request for Rehearing. Defendants refused that suggested compromise. Thus, the practical impact of another stay would be to delay further even the commencement of document discovery and would likely push the completion of document discovery well into the spring and early summer of 2016.

## I. THE ODDS OF PTAB GRANTING THE REQUEST FOR REHEARING WEIGH HEAVILY AGAINST ANOTHER STAY.

Defendants' briefing on the original motion to stay relied heavily on what they claimed was a "high likelihood that one or more of the claims of the '563 Patent will be cancelled during inter partes review." (Doc. 26 at 12.) In fact, Defendants' have cut-and-pasted the same language into the current motion to stay. (Doc. 37 at 10.) Defendants' current argument, however, ignores the procedural posture of this case.

While Defendants' continue to cite the grant rate statistics for initial IPR petitions, they conveniently ignore the heighten burden and significantly lower grant rate for requests for rehearing. When rehearing a decision on institution, a panel reviews the decision under the deferential abuse of discretion standard. 37 CFR 42.71(c). Showing an abuse of discretion has proven difficult. Illustrating this fact, recent commentary has noted: "[Un]surprisingly, the PTAB has rarely found

an 'abuse of discretion' to warrant modifying its initial non-institution decision."[3] Indeed, unlike the lower standard and higher grant rate associated with IPR institution decisions, as of December 2014, only 3.5 percent (six of 169) of the requests related to the initial institution decision were successful.[4] Although Defendants' Motion takes the Board granting their request for rehearing as a given, the high standard of review and low success rate in rehearing requests dictate otherwise.

## II. DEFENDANTS DO NOT CITE A SINGLE CASE WHERE A STAY WAS ENTERED AFTER PTAB DENIED AN IPR PETITION.

Defendants brief does not cite a single case relating to a request for rehearing. All of the cases cited by Defendants relate to the entry of a stay after the initial IPR petition has been filed. As discussed above, the cases cited by Defendants have little bearing at this stage because the standard of review and grant rate statistics are much less favorable to Defendants. A much more analogous case is *Grobler v. Apple, Inc.*, No. 12-cv-01534-JST, 2013 WL 6441502 (N.D. Cal. Dec. 8, 2013). In *Grobler*, the court granted Grobler's motion to lift a stay despite Apple's request for rehearing, finding that: "The termination of IPR has eliminated

---

[3] Natalie Alfaro Gonzales, *Requests for Rehearing After IPR Non-Institution*, BakerBotts.com, (Oct. 2015), http://files.bakerbotts.com/file_upload/PTABTrialsReport201510-RequestsforRehearingAfterIPRNon-InstitutionDecisions.htm#footnote13r *Decisions*.

[4] David B. Cochran, Geoffrey K. Galvin, Matthew W. Johnson & J. Jason Williams, *Requesting a Motion for Reconsideration/Rehearing at the PTAB? What You Need to Know*, Martinale.com Legal Library (Dec. 22, 2014), http://www.martindale.com/intellectual-property-law/article_JonesDay_2185570.htm.

the likelihood that a stay will simplify the issues in this action." *Id.* at *1. "That Apple has filed a motion for rehearing does not alter this conclusion." *Id.*

Further, in a similar context, the court in *Zoll Medical, Corp. v. Respironics, Inc.*, found that "The pendency of an appeal from the IPR, and the possibility that the Federal Circuit may reverse the PTO (and thereby simplify the litigation by, presumably, making it disappear), is not, in and of itself, a sufficient basis to make the patentee here continue to wait to enforce patent rights that it currently holds." No. 12-1778-LPS, 2015 WL 4126741, at *1 (D. Del. July 8, 2015). Likewise, here, the Board's denial of both of Defendants' IPR petitions has eliminated the likelihood that a stay will simplify the issues any further than it already has via its denials of both IPR Petitions.

## III. DEFENDANTS' REQUEST FOR REHEARING IS LIKELY TO FAIL ON THE MERITS.

Defendants' motion greatly exaggerates the scope of PTAB's error. Far from permeating the Board's entire Decision, the error was completely immaterial to the Board's ultimate conclusion. In fact, were the Board to remove the language from its Decision, the outcome would be exactly the same. Defendants' original IPR petition disputed whether the '563 patent correctly claimed priority to U.S. Patent Application No. 08/818,261 ("the '261 application"). The Board ultimately agreed with UAB that a person of ordinary skill in the art would have understood that the invention claimed in the '563 patent was supported by the specification and

drawings that the inventors filed on March 14, 1997.  Consequently, the Board held that "the '563 patent may benefit from the filing date of the '261 Application," and therefore the asserted anticipatory reference was "not prior art to the '563 patent." (Doc. 36-1, 11.)  Defendants' have now requested a rehearing solely on the basis of the Board's non-material mistake in converting joules to micro joules.

Rather than address the Board's broad, ultimate conclusion that the written disclosure of the '261 Application provides sufficient support, Defendants focus on an isolated mathematical error made by the Board, and broadly declare the mistake "permeates" the entire order. This non-material error, however, was not relied on by the Board for its holding "that the '261 Application sets forth a device 'configured for' 'delivering antitachycardia pacing to said heart,' as recited by independent claims 1, 7, and 14 [of the '563 patent]." (Doc. 36-1, 8.) Nor did the Board rely on this immaterial error to determine the ultimate question in this proceeding: "that the '563 patent may benefit from the filing date of the '261 Application, and that KenKnight '967 is not prior art to the '563 patent." (Doc. 36-1, 11.) In fact, all mention of the Board's miscalculation could be omitted and the order denying Defendants' petition would still stand. As a result, Defendants' expectation that the Board will grant their Request for Review under the

deferential "abuse of discretion" standard is unreasonable at best. (A copy of Plaintiffs' Response to the Request for Rehearing is attached hereto as Exhibit A.)

### IV. A STAY WILL UNDULY PREJUDICE THE PLAINTIFFS AND/OR PLACE PLAINTIFFS AT A TACTICAL DISADVANTAGE.

Additional delay in the present case will cause UAB undue prejudice and will place UAB at a tactical disadvantage. The practical effect of the stay is more than an additional 90 day delay of discovery. As counsel for Defendants has advised, even if another stay is not entered, they will refuse to produce any documents within 30 days of the lifting of the stay. In fact, Defendants proposed that they would not file their objections to the outstanding discovery requests until January 15, 2016, and would only begin its rolling document production no later than January 30, 2016. Defendants did not even propose a date by which their document production would be completed.

In response, UAB proposed a compromise in an attempt to accommodate Defendants on the additional stay. Specifically, UAB offered not to pursue further discovery pending the Board's decision on the Request for Rehearing if Defendants would agree to continue preparing the document production so that if the Request for Rehearing is denied, UAB would receive such documents within a few days of the denial of the Request for Rehearing. Not only did Defendants refuse this offer outright, claiming they could not produce the documents in that amount of time, Defendants stated they would likely be unable to produce the

requested documents within 90 days of the stay being lifted. Thus, although Defendants' Motion claims to seek only a 90 day stay, in reality the Defendants seek to further delay this litigation by at least another 180 days. While UAB recognizes that "*some* degree of delay, in and of itself, is not dispositive of whether a party will suffer undue prejudice," additional delay in this case—the length of which Defendant cannot say for certain—will unduly prejudice UAB. (Doc. 14, at 14 (citing *Ignite USA, LLC v. Pacific Market Int'l,* LLC, No. 14 C 856, 2014 WL 2505166, at *3 (N.D. Ill. 2014).)

Additionally, the cases cited by Defendants' for the proposition that delay inherent to the reexamination process does not constitute undue prejudice are not set in the same procedural posture as this case. Namely, none of the cases cited deal with a delay resulting from a *second* stay pending a rehearing request following the denial of an IPR petition. Instead, Defendants cite to cases facing *initial* IPR petitions. Thus, such cases lend little assistance in the determination of this motion.

## **CONCLUSION**

For the reasons set forth above, Defendants' Second Motion to Stay is due to be denied.

DATED:	November 6, 2015

                         Respectfully submitted,

                         /s/ Cole R. Gresham
                         Walter William Bates (ASB-7202–e49w)
                         Jay M. Ezelle (ASB-4744-Z72J)
                         Cole R. Gresham (ASB-8993-L74G)
                         STARNES DAVIS FLORIE LLP
                         100 Brookwood Place, 7th Floor
                         P. O. Box 598512
                         Birmingham, AL 35259-8512
                         *jme@starneslaw.com*
                         *crg@starneslaw.com*
                         **Attorneys for UAB**

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 6, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Patricia Clotfelter
BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, P.C.
Wells Fargo Tower
420 20th Street North, Suite 1400
Birmingham, Alabama 3203
pclotfelter@bakerdonelson.com

Samuel F. Miller
Maia T. Woodhouse
BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, P.C.
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
smiller@bakerdonelson.com
mwoodhouse@bakerdonelson.com

             /s/ Cole R. Gresham
             Cole R. Gresham (ASB-8993-L74G)
             STARNES DAVIS FLORIE LLP
             100 Brookwood Place, 7th Floor
             P. O. Box 598512
             Birmingham, AL 35259-8512
             (205) 868-6000
             crg@starneslaw.com